IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTONIO ALEJANDRO GARCIA MORAO, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | **ORDER TO SHOW CAUSE** <br><br> Case No. 2:25-cv-00838-JNP <br><br> District Judge Jill N. Parrish |

On September 24, 2025, Petitioner filed a Motion for Temporary Restraining Order and a Petition for Writ of Habeas Corpus. *See* ECF No. 1; ECF No. 2. Respondents are **ORDERED** to show cause why the Petition for Writ of Habeas Corpus should not be granted by **Monday, September 29, 2025**. *See* U.S.C. § 2243. Petitioner's Reply, if any, shall be filed by **Wednesday, October 1, 2025, at 12:00 p.m. MT**. The parties are further **ORDERED** to appear before this Court for a hearing on the petition on **Thursday, October 2, 2025, at 1:00 p.m. MT**. The conference will be held in Courtroom 8.200 of the Orrin G. Hatch United States Courthouse, 351 S. W. Temple St., Salt Lake City, Utah 84101.

**To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.** *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to

protect that jurisdiction"); *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25 Civ. 1935, ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, **it is further ORDERED that Petitioner shall not be transferred except to a facility within this District, the District of Utah, absent further order of this Court.** *See Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999, ECF No. 13 (S.D. Fla. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to

"issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

By **September 25, 2025, at 5:00 p.m.**, Petitioner's counsel is directed (1) to serve Respondents with a copy of the petition and accompanying papers, along with a copy of this Order, by e-mail to the United States Attorney's Office for the District of Utah and by overnight mail, and (2) to promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

SO ORDERED.

Signed September 24, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge