IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTONIO ALEJANDRO GARCIA MORAO,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | **ORDER TRANSFERRING CASE**<br><br>Case No. 2:25-cv-00838-JNP<br><br>District Judge Jill N. Parrish |

On September 24, 2025, Petitioner Antonio Alejandro Garcia Morao filed a Motion for Temporary Restraining Order and a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1; ECF No. 2. Petitioner's Motion for Temporary Restraining Order sought, inter alia, to enjoin Respondents from removing Petitioner from the State of Utah while his § 2241 Petition was pending and to be immediately released from custody. ECF No. 1. Petitioner's § 2241 petition challenged the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and sought, inter alia, his immediate release from ICE custody. ECF No. 2. For the following reasons, the court will order the transfer of this matter to the United States District Court for the District of Wyoming.

## BACKGROUND

The court recites the facts as alleged in petitioner's Motion for Temporary Restraining Order and Petition for Writ of Habeas Corpus. *See* ECF No. 1; ECF No. 2.

Mr. Garcia Morao entered the United States on May 23, 2023, after being admitted under the Venezuelan Humanitarian Parole Program. ECF No. 2-1 at 2. Mr. Garcia Morao has since married a U.S. citizen and has a pending application for adjustment of status through marriage. ECF No. 1 at 2. This application for adjustment of status was filed prior to the expiration of his parole. *Id.*

On September 18, 2025, Mr. Garcia Morao was arrested in Ogden, Utah after police were called during a domestic dispute. *Id.*; ECF No. 2 at 9. Mr. Garcia Morao asserts that his spouse informed the police she did not intend to press charges. ECF No. 1 at 2. He was nevertheless charged with assault, criminal mischief, and domestic violence in the presence of a child, all Class B Misdemeanors, and public intoxication, a Class C Misdemeanor. ECF No. 2-2 at 2. Mr. Garcia Morao has no other criminal history.

Counsel for Mr. Garcia Morao asserts he was held at Weber County Jail in the custody of Weber County until the afternoon of September 22. ECF No. 2 at 9. He was released from the county's custody "presumably" on September 22 and was transferred to ICE custody on September 23 or 24. ECF No. 1 at 2; ECF No. 2 at 9. He remains in ICE custody. ECF No. 1 at 2.

As of September 24, Mr. Garcia Morao's counsel asserts that ICE had not yet issued a notice to appear or an arrest warrant. ECF No. 2 at 9. Based on information provided to Mr. Garcia Morao's counsel by DHS, ICE is detaining Mr. Garcia Morao for charges under INA §§ 212(a)(6)(A)(i), for a noncitizen present without having been admitted or paroled, and 212(a)(7), for a noncitizen who was not in possession of a valid entry permit or visa when applying for admission. ECF No. 1 at 2–3; ECF No. 2 at 9.

On September 24, petitioner, through his counsel, filed a Motion for Temporary Restraining Order and a Petition for Writ of Habeas Corpus. ECF No. 1; ECF No. 2. That same day, the court issued an order to show cause pursuant to § 2243, with a briefing schedule outlined by the court.

In the court's show cause order, the court ordered, to preserve its jurisdiction pending a ruling on the matter, that Mr. Garcia Morao shall not be removed from the United States unless and until the Court orders otherwise. The court further ordered that Mr. Garcia Morao shall not be transferred except to a facility within the District of Utah, absent further order of this court.

On September 26, Respondents moved for a status conference. The status conference was held that same day. The court there learned that Mr. Garcia Morao was transferred out of Utah to the Uinta County Detention Center in Evanston, Wyoming before the instant habeas petition was filed. Respondents assert that ICE is detaining Mr. Garcia Morao under 8 U.S.C. 1225(b)(2)(a). The court also learned that a Notice to Appear has been issued and removal proceedings have been initiated. Petitioner's counsel contends that this statutory basis is inapplicable to Mr. Garcia Morao, as Mr. Garcia Morao has been present in the United States for over two years.

Finally, the court received a stipulation from Respondents that ICE has assured them that Mr. Garcia Morao will not be removed from the United States during the pendency of his proceedings. Further, Respondents stipulate that ICE is making every effort to keep Mr. Garcia Morao in Wyoming pending the resolution of the proceedings.

## ANALYSIS

Federal district courts "are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Because petitioner's counsel ultimately filed the habeas petition when Mr. Garcia Morao was in

confinement in Wyoming, the District of Utah lacks jurisdiction, and therefore lacks the authority to grant Mr. Garcia Morao the relief he seeks.

Because Mr. Garcia Morao's petition was filed in the wrong district court, the court must consider whether to dismiss the petition without prejudice or to transfer it to the appropriate court. Under 28 U.S.C. § 1631, if a civil action is filed in a forum that lacks jurisdiction over the matter, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." The United States Court of Appeals for the Tenth Circuit has identified several factors which should be considered in deciding whether to dismiss or transfer an action that was improperly filed. These factors include whether the claims are likely to have merit, whether a new action would be time-barred, and whether the original action was filed in good faith. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

The court has considered Mr. Garcia Morao's petition and finds the interest of justice warrants the transfer of this matter, as Mr. Garcia Morao's claim is filed in good faith, is time sensitive, and merits review.

THE COURT THEREFORE ORDERS that the clerk of the court shall transfer this matter to the United States District Court for the District of Wyoming.

To ensure that Mr. Garcia Morao has an opportunity to have the Petition considered by the District of Wyoming, and to preserve the status quo, this court's September 24, 2025 Order enjoining the government from removing him from the United States, ECF No. 4, shall remain in effect unless and until the transferee court orders otherwise. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 44 (D. Mass. 2025) (ordering same upon transfer). As noted, Respondents have stipulated that

Mr. Garcia Morao will not be removed from the United States during the pendency of his proceedings.

Signed September 26, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge